IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JOSEF RICHARD MADAR**,  )
                          )
       Plaintiff,         )
                          )
  v.                      )    2:07cv1254
                          )    Electronic Filing
**UNITED STATES CITIZENSHIP AND** )
**IMMIGRATION SERVICES**,  )
                          )
       Defendant .        )

## MEMORANDUM

Plaintiff commenced this action by filing a petition seeking declaratory judgement and habeas corpus relief following the administrative denial of his application for citizenship commenced after his receipt of a final order of deportation. Presently before the court is the government's motion to dismiss, or alternatively for summary judgment. For the reasons set forth below, the court will transfer the action to the United States Court of Appeals for the Third Circuit.

Plaintiff entered into the United States through New York City on April 29, 1991, pursuant to a B-2 "visitor for pleasure" visa and made his way to the Pittsburgh metropolitan area. Plaintiff failed to depart the United States by the expiration of his visa on June 6, 1991. Plaintiff was placed into removal proceedings shortly thereafter. Plaintiff filed an application for asylum, which was denied. That denial was affirmed by the Board of Immigration Appeals. Plaintiff's petition for review filed with the United States Court of Appeals for the Third Circuit was dismissed on June 23, 1997. Plaintiff was then ordered to depart from the United States.

Plaintiff failed to comply with the deportation order and filed an Application for Certificate of Citizenship on July 14, 1999, claiming citizenship through his father. The Acting District Director of the Immigration and Naturalization Service denied Plaintiff's application on October 20, 1999. Plaintiff appealed the citizenship denial to the Administrative Appeals Office, which affirmed the Acting District Director's denial of the Plaintiff's citizenship application and

dismissed the appeal. Plaintiff then commenced this action for declaratory judgement and habeas corpus relief.

In support of its motion the United States argues that pursuant to 8 U.S.C. § 1503(a) this court lacks jurisdiction over plaintiff's nationality claim; it should have been presented to the Court of Appeals, because plaintiff's nationality claim was raised during the course of the removal process. Alternatively, the government argues that if this court has jurisdiction, then the undisputed facts demonstrate that summary judgement should be granted in its favor.

Plaintiff counters that this court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1331 because the Declaratory Judgement act provides a jurisdictional basis for relief. He argues that his citizenship claim did not arise by reason of or in connection with his removal proceedings, nor was the claim at issue in the removal proceedings. Furthermore, the motion for summary judgement should be denied because the Government has not met its burden of proving that there is no genuine issue of material fact. Lastly, plaintiff argues that dismissal is improper, and that if this court lacks jurisdiction, then the case should be transferred to the United States Court of Appeals for the Third Circuit.

The court will transfer this action to the Third Circuit. Proceedings seeking a declaration of United States nationality are governed by 8 U.S.C. § 1503(a), which provides:

> ... [when] any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of 28 U.S.C. 2201 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

Other courts have interpreted the phrase "arose by reason of or in connection with" to mean that

2

where an individual that has undergone a removal proceeding declares that he is a United States national in connection with that proceeding, the declaration was the result of the removal proceedings even if it is advanced after the conclusion of the proceedings. See e.g. Said v. Eddy, 87 F. Supp.2d 937, 941 (D. Alaska 2000) (claim of national citizenship arose in connection with removal proceeding even though removal proceeding was voluntarily discontinued by the parties and no determination of the plaintiff's citizenship claim had occurred at administrative level). Thus, if the assertion of natural citizenship occurred in response to the commencement of a removal proceeding, then there is a presumption that the declaration "arose by reason of or connection with" that proceeding. See Rios-Valenzuela v. Department of Homeland Sec., 506 F.3d 393, 398 (5th Cir. 2007) (explaining that context as well as timing must be taken into account in determining whether the exception in (a)(1) is applicable and holding that claim of citizenship arises "in connection with" a removal proceeding where it originates in connection to a removal proceeding).

Here, petitioner's claim of citizenship arose only after a removal proceeding was commenced and his application for asylum had been denied. Plaintiff's claim of citizenship was advanced only after a deportation order had been issued as a result of the removal proceeding. Consequently, both context and timing indicate the claim arises in connection with a removal proceeding. Thus, this court lacks statutory authority to proceed with plaintiff's declaratory judgement and habeas action.

Moreover, it also is well established that "where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied, that individual may seek judicial review of the claim only before the appropriate court of appeals, not a district court." Henriquez v. Ashcroft , 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003); see also Johnson v. Department of Justice 2004 WL 1240695 (E.D. P.A. 2004) at 3; Duncan v. Samuels, 2007 WL 1101227 (D.N.J. 2007) at 2 , Todd-Murgas v. Samuels, 2007 WL 1202726 (D.N.J. 2007) at 2. And where an individual has filed for declaratory judgement or a writ of habeas corpus with the district court seeking to establish c United States nationality by reason of or connection with a

3

removal proceedings, it is appropriate to transfer the case to the court of appeals where transfer would be in the interest of justice. See Duran-Hernandez v. Ashcroft, 348 F.3d 1158, 1162 (10th Cir. 2003) (holding that transfer pursuant to 28 U.S.C. § 1631 was appropriate where writ of habeas corpus (1) essentially sought review of reinstated order of removal and (2) could and should be treated as a direct appeal of denial of citizenship claim arising in connection with the reinstated order).

Here, the Third Circuit is the appropriate tribunal to hear this case because plaintiff filed a derivative claim of citizenship in connection with the removal proceeding against him. His claim of citizenship was denied at the administrative level. Plaintiff then filed for declaratory judgement instead of seeking direct review of that denial. An outright dismissal of plaintiff's petition under these circumstances would be inappropriate because plaintiff is entitled to obtain judicial review of that denial and this court is without jurisdiction to hear the merits of plaintiff's request for review and make a determination based upon what occurred below. Thus, in the interest of justice this case should and will be transferred to the United States Court of Appeals for the Third Circuit.

Date: December 2, 2008

                                                      s/ David Stewart Cercone
                                                    David Stewart Cercone
                                                    United States District Judge

cc:      Mark A. Goldstein, Esquire
         Goldstein & Associates
         707 Grant Street
         Suite 2330
         Pittsburgh, PA 15219

         Paul D. Kovac, AUSA
         United States Attorney's Office
         Suite 4000
         U.S. Post Office & Courthouse
         700 Grant Street
         Pittsburgh, PA 15219